IN THE MATTER OF THE LAST WILL AND TESTAMENT OF O. R. BAKER, DECEASED

No. 6920SC164

(Filed 18 June 1969)

**Wills § 23— caveat proceeding — undue influence — instructions**

In this caveat proceeding in which it was contended that the original of the paper writing offered for probate had been destroyed by the testator *animo revocandi*, the trial court did not err in refusing to give an instruction requested by propounder that the jury should find that testator had not revoked his will if he burned his will because of the undue influence of his ex-wife or one or more of his children, where there was no evidence of undue influence and the request was not presented to the trial court prior to the commencement of the charge to the jury.

APPEAL by propounder from *Seay, J.,* 3 September 1968 Civil Session, MOORE County Superior Court.

On 29 October 1966 Tishia Williams Baker (propounder) filed a petition propounding for probate in common form a paper writing purporting to be a copy of the will of her husband, O. R. Baker, who died 20 September 1966. The original of the purported will had been lost or misplaced. On 13 February 1967 the clerk of superior court filed an order denying the petition and refusing probate in common form of the paper writing. On appeal to the presiding judge of superior court, the cause was remanded to the clerk for his order citing all interested parties to caveat the will or, if no caveat be filed, to probate the paper writing. This order was filed on 8 March 1967.

The clerk issued a citation under date of 7 April 1967 to each of the children of O. R. Baker, notifying them that a motion had been made to probate the paper writing as the Last Will and Testament of O. R. Baker and that, if a caveat should not be filed within thirty days after service of the citation, the paper writing would be admitted to probate. The children constituted all of O. R. Baker's heirs at law.

A caveat under date of 17 May 1967 was filed by Otis Ray Baker (caveator), a son and heir at law of O. R. Baker. It was alleged that the paper writing was not the Last Will and Testament of O. R. Baker because the original of said paper writing "was destroyed by the testator prior to his death animo revocandi, and that the copy presented for probate [was] void and of no effect."

Three issues were submitted to the jury and answered as follows:

"1. Was the paper writing propounded, dated the 18th day of February, 1965, executed by O. R. Baker, according to the

formalities of the law required to make a valid last will and testament?

ANSWER:  Yes.

2.  Was the paper writing referred to in Issue #1 revoked by O. R. Baker, deceased?

ANSWER:  Yes.

3.  Is the said paper writing referred to in Issue No. 1, propounded in this cause, and every part thereof, the last will and testament of O. R. Baker, deceased?

ANSWER:  ................."

The presiding judge thereupon entered a judgment based upon the above issues and answers thereto adjudging that the paper writing was null and void and of no legal effect because it had been legally and lawfully revoked *animo revocandi* by the purported testator prior to his death. The propounder excepted and appealed to this Court.

*John Randolph Ingram for propounder appellant.*

*Barrett and Wilson by W. Clement Barrett for caveator appellee.*

CAMPBELL, J.

At the conclusion of his charge to the jury, the presiding judge inquired if there was anything further, whereupon counsel for the propounder requested a further instruction as follows:

" 'Members of the jury, if you should find that O. R. Baker did in fact burn his will, which the propounder contends he did not, but that he did so because of the undue influence of his ex-wife, Mrs. Oakley, or one or more of his children, then you would answer the second issue No.' "

The presiding judge refused to give this further instruction. The propounder thereupon excepted and assigned this as error.

There was no error in refusing to give this further instruction for two reasons. First, the request was inopportune and should have been presented to the presiding judge prior to the commencement of his charge to the jury. Second, there was no evidence to support such an instruction, and in the absence of any evidence of undue influence, it would have been error so to instruct the jury. 2 McIntosh, N.C. Practice 2d, § 1517.

The only other assignment of error brought forward in the propounder's brief is to the introductory statement in the charge to the

jury, wherein the presiding judge explained to the jurors how this case had been instituted. We have reviewed the record and charge, and we find no prejudicial error.

Affirmed.

BROCK and MORRIS, JJ., concur.